21 Civ. 3660 (PKC) (SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIYEE KYE,

                                                            Plaintiffs,

- against -

CITY OF NEW YORK, P.O. JONATHAN DONES, SHIELD 27390, SERGEANT MARTIN MALONEY, P.O. KACHUN CHEUNG, SHIELD 5890, P.O. MAUREEN CAREY, SHIELD 20116, P.O. JAMES SHOULDIS, SHIELD16502, P.O. DANIELLE AMBRECHT, SHIELD 17611, P.O. MICHAEL COLLARINI, P.O. MAYKO MATOS,

                                                             Defendants.

**MOTION TO DISMISS**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  Omar Siddiqi*
    *Tel:  (212) 356-2345*
    *Matter No. 2021-010129*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS ..................................................................................................1

STANDARD OF REVIEW .................................................................................................2

ARGUMENT

        POINT I:    PLAINTIFF'S FALSE ARREST AND "VIOLATION OF EXECUTIVE ORDER" CLAIMS FAIL BECAUSE HE WAS IN VIOLATION OF EMERGENCY EXECUTIVE ORDER 119 ................................................................3

        POINT II:    PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS BECAUSE HE WAS NOT ENGAGED IN PROTECTED FIRST AMENDMENT ACTIVITY AT THE TIME OF HIS ARREST ...................................................................6

        POINT III:    PLAINTIFF HAS FAILED TO ADEQUATELY STATE AN EQUAL PROTECTION CLAIM ..................................................................7

        POINT IV:    PLAINTIFF HAS FAILED TO ADEQUATELY STATE A *MONELL* CLAIM ..................................................................9

CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

Anderson v. City of New York,
   817 F. Supp. 2d 77 (E.D.N.Y. September 20, 2011)............................................................9

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) .........................................................................................................2

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ......................................................................................................2, 3

Butler v. City of New York,
   559 F. Supp. 3d 253 (S.D.N.Y. September 8, 2021)............................................................3

Chen v. City Univ. of New York,
   11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094
   (S.D.N.Y. Nov. 9, 2011)....................................................................................................8

Escalera v. Lunn,
   361 F.3d 737 (2d Cir. 2004) .............................................................................................3

Fabrikant v. French,
   691 F.3d 193 (2d Cir. 2012) .............................................................................................6

Freedom Holdings, Inc. v. Spitzer,
   357 F.3d 205 (2d Cir. 2004) ..........................................................................................7, 8

Higginbotham v. City of New York,
   105 F. Supp. 3d 369 (S.D.N.Y. 2015)................................................................................6

Jeffrey et al. v. City of New York, et al.,
   20 Civ. 2843, Dkt. No. 34..................................................................................................4

Kee v. City of New York,
   12 F.4th 150 (2d Cir. 2021) ..............................................................................................3

Keilver v. Harlequin Enters. Ltd.,
   751 F.3d 64 (2d Cir. 2014) ...............................................................................................2

Matthews v. City of New York,
   779 F.3d 167 (2d Cir. 2015) .............................................................................................6

Mozzochi v. Borden,
   959 F.2d 1174 (2d Cir. 1992)............................................................................................7

In re New York City Policing During Summer 2020 Demonstrations,
   548 F. Supp. 3d 383 (S.D.N.Y. July 9, 2021)..................................................................4, 5

**Cases**                                      **Pages**

Norton v. Town of Islip,
   97 F. Supp. 3d 241 (E.D.N.Y. 2015) ............................................................................... 7

Pesola v. City of New York,
   19 cv 2017, 2016 U.S. Dist. LEXIS 42977 ................................................................ 6, 7

Pluma v. City of New York,
   13 cv 2017, 2015 U.S. Dist. LEXIS 48134, 2015 WL 1623828
   (S.D.N.Y. Mar. 31, 2015) .................................................................................................. 6

Segal v. City of New York,
   459 F.3d 207 (2d Cir. 2006) ............................................................................................. 9

Velasquez v. City of New York Dep't of Bldgs.,
   2020 U.S. Dist. LEXIS 90361 (PKC),
   (S.D.N.Y. May 22, 2020) .................................................................................................. 9

**Statutes**

42 U.S.C. § 1983 ..................................................................................................................... 1, 3, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 2, 10

## PRELIMINARY STATEMENT

On November 10, 2022, Plaintiff Kiyee Kye, ("Plaintiff") filed the Third Amended Complaint ("TAC") in this action pursuant to 42 U.S.C. Section 1983, alleging violations of his constitutional rights.

Defendants City, Dones, Maloney, Cheung, Carey, Shouldis, Ambrecht, Collarini, and Matos now respectfully submit this Memorandum of Law in support of their motion for judgment on the pleadings on the grounds that: (1) Plaintiff's False Arrest and purported "Violation of Executive Order" claims fail because he was in violation of New York City Executive Order 118; (2) Plaintiff's First Amendment Retaliation Claim fails because he was not engaged in protected First Amendment Activity at the time of his arrest; (3) Plaintiff has failed to adequately state an Equal Protection Claim; and (4) Plaintiff's has failed to adequately state a *Monell* claim. Accordingly, these claims should be dismissed against the NYPD and such further relief as the Court deems just and proper, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[1].

## STATEMENT OF FACTS

Plaintiff alleges that on June 2, 2020, after 8:00 p.m., he was walking with his cousin on Broadway in Lower Manhattan toward the Broadway-Lafayette train station. (TAC at 20). Plaintiff acknowledges that on June 2, 2020, Executive Order 118 was in effect and that this Order imposed a curfew beginning at 8:00 p.m., and that individuals who violated the order could be charged with a Class B Misdemeanor. (TAC at 15-20). On June 2, 2020, Plaintiff did not fit into any of the exceptions to the Executive Order. (TAC at 21). Plaintiff observed police officers engaged in enforcement against another individual and instructed his cousin to record

---

[1] Defendants respectfully note to the Court that they have moved on all claims in the TAC with the exception of the excessive force claim.

the officers' actions. (TAC at 22-23). Plaintiff alleges that at a certain point in time, defendant Maloney pointed toward plaintiff and directed officers to confront him. (TAC at 24). He states that defendants Cheung, Shouldis, Ambrecht, and another defendant walked toward plaintiff and ordered him to move back; plaintiff complied and raised his hands to indicate that he did not present a danger to the officers. (TAC at 25-27). Plaintiff alleges that defendants Cheung, Shouldis, Ambrecht, Maloney, Dones, Collarini, Carey, and Matos then tackled him to the ground and used excessive force against him. (TAC at 30-31). Plaintiff alleges that there were white individuals in the area who were asked to leave rather than being arrested. (TAC 34-35). Plaintiff alleges, generally, that the Executive Order was unconstitutional and that his arrest falls within a pattern and practice of officers arresting individuals for recording police activity. (*see generally* TAC at 43-67).

## STANDARD OF REVIEW

To survive a motion to dismiss under FRCP 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the court accepts all factual allegations in the complaint as true and draws all inferences in the plaintiff's favor. Keilver v. Harlequin Enters. Ltd., 751 F.3d 64, 68 (2d Cir. 2014). However, this rule is inapplicable to any conclusory statements alleged in a complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("The tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

A plausible claim exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft, 556 U.S. at 678. A

2

plaintiff must "nudge the claims in his complaint "across the line from conceivable to plausible" to survive dismissal. Twombly, 550 U.S. at 570.

## ARGUMENT

### POINT I: PLAINTIFF'S FALSE ARREST AND "VIOLATION OF EXECUTIVE ORDER" CLAIMS FAIL BECAUSE HE WAS IN VIOLATION OF EMERGENCY EXECUTIVE ORDER 118

Here, because plaintiff admits that he was in violation of the Executive Order due to his being out after 8:00 p.m. on June 2, 2020, there was probable cause for his arrest, and therefore, his claims fail. "To establish a claim for false arrest under 42 U.S.C. § 1983, a plaintiff must show that the defendant intentionally confined him without his consent and without justification. Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). "An officer has probable cause to arrest when he or she has knowledge…that [is] sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. To assess probable cause, a court considers only the facts available to the officer at the time of the arrest and immediately before it." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021).

Violation of an Executive Order creates probable cause for arrest. In evaluating another case in which an individual attended a protest in 2020 in violation of the Mayor's March COVID-19 Executive Order, Judge Ramos found that "Plaintiffs' protest was prohibited under EEO 103, and the Police Defendants arrested Plaintiffs for that violation. Accordingly, the Court concludes that there was probable cause for Plaintiffs' arrest, barring their claims for false arrest." Butler v. City of New York, 559 F. Supp. 3d 253, 273 (S.D.N.Y. September 8, 2021).

The portion of Executive Order 118 which is relevant to this matter stated the following:

3

> "Section 2. I hereby order a City-wide curfew from 8:00pm on June 2, 2020 until 5:00am on June 3, 2020. During this time, no persons or vehicles may be in public…
>
> Section 4. This Order shall take effect immediately. Sections 2 and 3 of this Order shall remain in effect through June 3, 2020 unless rescinded, superseded, or amended by further Order. Failure to comply with this Order shall result in orders to disperse, and any person who knowingly violates the provisions in this Order shall be guilty of a Class B misdemeanor.." (https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2020/eeo-118.pdf)

There is no question here that the Summer 2020 curfew was constitutional. Chief Judge McMahon has stated that it was "patently obvious" that issuance of the curfew order was not unconstitutional. In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d 383, 412 (S.D.N.Y. July 9, 2021). In the Eastern District of New York, Judge Garaufis came to a similar conclusion with regard to the 2020 curfew, finding that it did not violate the First Amendment. See Jeffrey et al. v. City of New York, et al., 20 Civ. 2843, Dkt. No. 34, at 14. Further, Courts have found that arrests made pursuant to the curfew order were lawful. In Jeffrey, where a plaintiff admitted that he was in violation of the curfew order, there was probable cause for his arrest. Id.

Even if an officer failed to give a dispersal contemplated under the curfew order, such a failure would not nullify an individual's arrest. "[T]he fact that a police officer may have failed to comply with the officer's obligation [to issue a dispersal order] does not make it difficult for citizens to understand what conduct of theirs is prohibited by the curfew orders…The conduct that violates EO 117 and EO 119 is defined with sufficient precision to avoid any suggestion that it cannot be understood by a person of average intelligence." In re New York City Policing During Summer 2020 Demonstrations at 416.

Here, the following is clear. Plaintiff was out after 8:00 p.m. on June 2, 2020. Plaintiff had no valid excuse to be outside in violation of the Executive Order. Plaintiff was observed by NYPD Police Officers. These officers thereafter effectuated the arrest of plaintiff. With regard to a false arrest claim, there can be no clearer example of an officer possessing probable cause to arrest a plaintiff. A law was in place which prevented individuals from being out in public after 8:00 p.m. on June 2, 2020. Plaintiff was out in public after 8:00 p.m. on June 2, 2020. Therefore, there was probable cause for his arrest and his federal and state law false arrest claims fail.

As to the Ninth Claim stated in the TAC, a "Violation of Executive Order" claim, defendants are unsure of what statute this claim sounds in. However, even if this was a valid claim, it fails here. Plaintiff claims that the officers violated the Executive Order by failing to issue a dispersal order prior to arresting plaintiff. Even if this was true, it is clear that plaintiff's conduct was plainly illegal. He was out after curfew. Furthermore, there is nothing in the manifest reading of Executive Order 118 indicates that a dispersal order **must** be issued prior to arrest. Section 3 states that "failure to comply with this Order shall result in orders to disperse, and any person who knowingly violates the provisions in this Order shall be guilty of a Class B misdemeanor." A reasonably prudent officer could clearly understand that once a person "knowingly" violated the terms of the Order, they were subject to arrest. Furthermore, as Chief Judge McMahon clearly stated, "[t]he conduct that violates EO 117 and EO 119 is defined with sufficient precision to avoid any suggestion that it cannot be understood by a person of average intelligence." In re New York City Policing During Summer 2020 Demonstrations at 416. Plaintiff does not claim he has a diminished capacity, nor indeed, does he claim that he was unaware of the Order, nor does he claim that he was unaware that he was in violation of the

Order. Therefore, his arrest was legal, and the officers' conduct in relation to Executive Order 118 was proper. The purported "Violation of Executive Order" claim should therefore be dismissed.

### POINT II:  PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS BECAUSE HE WAS NOT ENGAGED IN PROTECTED FIRST AMENDMENT ACTIVITY AT THE TIME OF HIS ARREST

Even if plaintiff was construed to have been "observing" police activity, he was still subject to arrest based on his violation of the curfew order.

To state a claim for First Amendment retaliation, a plaintiff must plausibly allege that "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against his; and (3) there was a causal connection between this adverse action and the protected speech." Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015).

The question of whether "observing" police activity constitutes protected First Amendment Speech was dealt with by this Court in 2016 in the case of Pesola v. City of New York. The clear reasoning in that matter is squarely applicable to plaintiff's baseless claims in this case. We repeat the Court's holding in Pesola and its reasoning to support our motion to dismiss here.

> "Observing others at a demonstration is conduct with little or no expressive content and is afforded no particular protection by the First Amendment. See Pluma v. City of New York, 13 cv 2017 (LAP), 2015 U.S. Dist. LEXIS 48134, 2015 WL 1623828, at *8 (S.D.N.Y. Mar. 31, 2015)…Nor is it clear that observing and photographing a demonstration [*38] for non-public purposes is protected expressive conduct. See Higginbotham v. City of New York, 105 F. Supp. 3d 369, 380 (S.D.N.Y. 2015) (holding "that the right to record police activity in public, at least in the case of a journalist who is otherwise unconnected to the events recorded," was clearly established). Nevertheless, it is unnecessary for the Court to reach either question. The existence of probable cause will defeat a First Amendment claim "premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive." Fabrikant v. French, 691 F.3d 193, 215 (2d Cir. 2012); see also

6

> Mozzochi v. Borden, 959 F.2d 1174, 1180 (2d Cir. 1992) ("An individual does not have a right under the First Amendment to be free from a criminal prosecution supported by probable cause, [even if it is] in reality an unsuccessful attempt to deter or silence criticism of the government."); Norton v. Town of Islip, 97 F. Supp. 3d 241, 257 (E.D.N.Y. 2015) (holding that even if plaintiff "had stated a plausible claim against [defendants], the Court would still dismiss [plaintiff's] First Amendment retaliation claim because the appearance tickets against [plaintiff] were supported by probable cause")…Because there was probable cause to arrest [the plaintiffs in this case], their First Amendment retaliation claims are dismissed."

Pesola v. City of New York, 19 cv 2017 (PKC), 2016 U.S. Dist. LEXIS 42977, *37-38.

The Court's reasoning in Pesola is fatal to plaintiff's claim here. As an initial matter, plaintiff alleges he did no more than observe the police activity and direct his cousin to record it. (TAC at 22-23). He did **not** record the activity himself, nor did he engage in any speech in opposition to the activity. Therefore, plaintiff was not engaged in any speech that is protected by the First Amendment, and his claim fails. Furthermore, based on the argument in Point I that plaintiff was in violation of Executive Order 118, there is no need to even evaluate whether he was engaged in politically protected speech, because there was probable cause for his arrest. Therefore, plaintiff's First Amendment claims under both federal and state law fail and should be dismissed for the same reason that this Court dismissed the claims in Pesola.

### POINT III:  PLAINTIFF HAS FAILED TO ADEQUATELY STATE AN EQUAL PROTECTION CLAIM

"To establish a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must ordinarily show the following: (1) that the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004). Additionally, plaintiff "must establish that such

7

unequal treatment was the result of intentional and purposeful discrimination." Chen v. City Univ. of New York, 11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094, at *17 (S.D.N.Y. Nov. 9, 2011).

As an initial matter, plaintiff has not made any allegations about an individual who was "similarly situated" to him. The two individuals he speaks about as being similarly situated were told to move along by the officers *who were actively engaged in the arrest of plaintiff.* It is illogical for plaintiff to suggest that the officers who were engaged in his arrest should have abandoned their activity to arrest these two individuals. Furthermore, plaintiff has no information as to whether those individuals were or were not ultimately placed under arrest. Indeed, there is no way plaintiff could have this information because he was, as he stated, under arrest by the officers and then transported by a police vehicle. Therefore, plaintiff's claim that he was similarly situated to these individuals is conclusory and not supported even by his allegations.

Even if, however, the Court accepted plaintiff's allegation that the white individuals were similarly situated, his claim would fail to satisfy the second factor of the test put forth in Freedom Holdings, Inc. "Under this requirement, plaintiffs must prove that "the disparate treatment was *caused by* the impermissible motivation. They cannot merely rest on a showing of disparate treatment. This is a deliberately rigorous standard, under which plaintiff must show that the defendants arrested and prosecuted him at least in part because of, not merely in spite of, plaintiff's race. Because plaintiff here has been unable to offer any evidence that defendants acted with purposeful discrimination based on his race, plaintiff's selective enforcement and prosecution claim brought under the Fourteenth Amendment is dismissed."

8

Anderson v. City of New York, 817 F. Supp. 2d 77, 94-95 (E.D.N.Y. September 20, 2011) (quotations and citations omitted).

Here, plaintiff has failed to adequately allege that the officers acted against him *because of* his arrest. There is no allegation that they used racial epithets, or mentioned his race, or did anything else that would suggest that he was arrested *because of* his race. Rather, as demonstrated *supra*, plaintiff was clearly arrested because he was out without an excuse after 8:00 p.m. on June 2, 2020, in violation of a lawful Executive Order, in the middle of a pandemic and unrest in the City of New York. Plaintiff was arrested *in spite of* his race, not *because of* it. And therefore, his Equal Protection claim fails and should be dismissed.

## POINT IV:  PLAINTIFF HAS FAILED TO ADEQUATELY STATE A *MONELL* CLAIM

Plaintiff's *Monell* claim is premised on the basis that the City has failed to adequately train its officers regarding the right to engage in constitutionally protected First Amendment Activity in the vicinity of police activity. However, as stated *supra*, plaintiff was not engaged in protected First Amendment Speech. Therefore, there is no underlying violation upon which a *Monell* claim could be asserted. "*Monell* does not provide a separate cause of action…;it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). As this Court previously stated, "without an underlying violation of the Constitution or federal law, there can be no claim against a municipality under section 1983." Velasquez v. City of New York Dep't of Bldgs., 2020 U.S. Dist. LEXIS 90361, 19 cv 9687 (PKC), (S.D.N.Y. May 22, 2020).

In this matter, with regard to the right to engage in constitutionally protected First Amendment Activity, it is clear: (1) that plaintiff was in violation of the law by his violation of Executive Order 118, and therefore cannot assert a First Amendment Retaliation claim; and (2)

9

that merely observing police activity does not rise to the level of a First Amendment Retaliation claim. Because plaintiff has failed in adequately pleading an independent constitutional violation, he cannot plead a municipal liability claim. For that reason, plaintiff's *Monell* claim fails and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants City, Dones, Maloney, Cheung, Carey, Shouldis, Ambrecht, Collarini, and Matos respectfully request that the TAC be dismissed in its entirety with prejudice, with the exception of the excessive force claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and further seeks such costs, fees and other relief as the Court deems just and proper.

Dated:   New York, New York
         January 23, 2023

                                              HON. SYLVIA O. HINDS-RADIX
                                              Corporation Counsel of the
                                                City of New York
                                              100 Church Street, 3rd
                                              Floor New York, New York 10007
                                              (212) 356-2345

By:    /s/ *Omar J. Siddiqi*
        OMAR J. SIDDIQI
        *Senior Counsel*